**WINDELS MARX LANE & MITTENDORF, LLP**
David F. Swerdlow, Esq. (dswerdlow@windelsmarx.com)
Jack Kincade Hagerty, Esq. (jhagerty@windelsmarx.com)
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Defendants
  State Farm Fire and Casualty Company and
  State Farm Indemnity Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A BURNETT, LLC, INVESTORY REALTY, INC and VINCENTE MENDOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM INDEMNITY COMPANY,<br><br>Defendants. | Civil Action No. 23-_____ (___-___)<br><br><br>**NOTICE OF REMOVAL** |

**TO:**   Clerk, United States District Court
         50 Walnut Street
         Newark, NJ  07101

         Moshe Borukh, Esq.
         Levy & Borukh, PLLC
         85-93 66th Avenue, 2nd Floor
         Rego Park, New York  11374
         Attorneys for Plaintiffs

**PLEASE TAKE NOTICE** that Defendant State Farm Fire and Casualty Company ("State Farm Fire"), an Illinois corporation with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710, by its undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, with the Clerk of the United States District Court for the District of New Jersey.  All Defendants consent to and join in this Notice of Removal, as set forth below.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(a), State Farm Fire hereby sets forth a short and plain statement of the grounds for removal as follows:

1.      Plaintiffs commenced this action by filing a Complaint asserting claims against State Farm Fire and State Farm Indemnity Company ("State Farm Indemnity") in the Superior Court of New Jersey, Law Division, Union County (Docket No. UNN-L-155-23) on January 17, 2023.  (A true and correct copy of the Complaint is attached as Exhibit A).

2.      Defendants were served with the Summons and Complaint on the following dates:  (a) State Farm Fire was served on January 23, 2023; (b) State Farm Indemnity was served on January 23, 2023.  (*See* Affidavits of Service filed by plaintiffs in State Court, attached as Exhibit B).

3.      Consistent with the requirements of 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders contained within the state court file, are attached as Exhibit C.  (A true and correct printout of the State Court's docket is attached as Exhibit D).

4.      This action is a civil action which may be removed under the provisions of 28 U.S.C. § 1441, and over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) there exists diversity of citizenship between plaintiffs and defendant State Farm Fire, and (b) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  As discussed below (¶¶13-18), defendant State Farm Indemnity has been improperly or fraudulently joined and its citizenship should be disregarded for purposes of determining diversity jurisdiction.

## CITIZENSHIP OF PARTIES

5.      Plaintiff A Burnett, LLC ("A Burnett") alleges that it is "a domestic corporation organized and existing by virtue of the laws of the State of New York."  (*See* Ex. A, Compl. ¶1). Upon information and belief, A Burnett's principal place of business is in New York and/or New Jersey.

6.      Plaintiff Investors Realty, Inc. ("Investors Realty") alleges that it is "a domestic corporation organized and existing by virtue of the laws of the State of New York." (*See* Ex. A, Compl. ¶2).  Upon information and belief, Investors Realty's principal place of business is in New York and/or New Jersey.

7.      Plaintiff Vincente Mendoza ("Mendoza") alleges that he was and is still the owner of real property commonly known as 1339 North Avenue, Elizabeth, New Jersey 07208.  (*See* Ex. A, Compl. ¶3).  Upon information and belief, Mendoza is a citizen of either New Jersey or New York.

8.      State Farm Fire "is a corporation organized under the laws of Illinois, with a principal place of business in Bloomington, Illinois." *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp.2d 1, 3 (E.D. Pa. 2006).  State Farm Fire is therefore a citizen of Illinois for purposes of federal jurisdiction.  28 U.S.C. § 1332(c)(1); *see also Brooks-McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219 & n.1 (3d Cir. 2010) (finding that because State Farm Fire and Casualty Company, incorrectly named as State Farm Insurance Company, is incorporated in Illinois and has its principal place of business there, "State Farm was a citizen of Illinois"); *Morrissey v. State Farm Fire and Cas. Co.*, Civ. No. 14-05193, 2014 WL 5780949, at *3 (E.D. Pa. Nov. 6, 2014) (finding that State Farm Fire "is a citizen of Illinois").

9.      State Farm Indemnity is a corporation organized under the laws of Illinois, with its main administrative office located at 300 Kimball Drive, Parsippany, New Jersey.  For purposes of this removal, Defendants maintain that State Farm Indemnity has been improperly or fraudulently joined and thus its citizenship should be disregarded for purposes of determining diversity jurisdiction.  *(See* ¶¶13-18).

## AMOUNT IN CONTROVERSY

10.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  More specifically:

a.      Plaintiffs allege that their rental property located at 1339 North Avenue, Elizabeth, New Jersey was "damaged as a result of, among other things, vandalism, by prior tenants," and that the property was "severely damaged."  (*See* Ex. A, Compl. ¶¶13-14).

b.      Plaintiffs allege that they obtained estimates to repair the damage to the property, which total $140,000.  (*See* Ex. A, Compl. ¶17).  Plaintiffs also allege that they are "incurring loss of rent as a result of the condition of the Premises and being unable to repair same." (*See* Ex. A, Compl. ¶18).

c.      Plaintiffs allege that they submitted an insurance claim under their Rental Dwelling Insurance Policy (policy no. 90-CG-U355-4) allegedly issued by State Farm Fire and State Farm Indemnity, but that these defendants "failed and refuse to cover the full amount of the loss, denying Plaintiff the ability to properly, timely and safely reconstruct the Premises to make it habitable." (*See* Ex. A, Compl. ¶¶10-11, 21-22).

d.      In Count 1, plaintiffs seek a declaration "that there is coverage under the Policy for the loss and that State Farm is required to fully indemnify Plaintiff for the costs associated with remediation and reconstruction of the Premises, and lost rents, together with attorneys' fees, costs, and such other relief as the Court deems equitable and just."  (*See* Ex. A, Compl. Count 1, "Wherefore" clause).

e.      In Count 2, plaintiffs assert a claim for "Breach of Contract."  Plaintiffs allege that "State Farm has breached its promises and duties required under the Policy," and that as a result of that breach "Plaintiff has been caused to suffer substantial damages."  (*See* Ex. A, Compl. Count

2, ¶¶33-34).  In this Count, plaintiffs are seeking to recover "compensatory and consequential damages," as well as attorneys' fees and costs.  (*See* Ex. A, Compl. Count 2, "Wherefore" clause).

11.    Accordingly, a reasonable reading of the rights being litigated reveals that the amount in controversy exceeds the jurisdictional minimum amount of $75,000, exclusive of interest and costs.

12.    Finally, in taking this position, Defendants do not concede that plaintiffs are entitled to recover, but only that the amount placed in controversy by plaintiffs exceeds the jurisdictional threshold.

## IMPROPER OR FRAUDULENT JOINDER

13.    For purposes of determining diversity jurisdiction, the Court must disregard the citizenship of improperly or fraudulently joined parties.  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).  Joinder is improper or fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."  *Id.* at 217 (citations omitted).  Because defendant State Farm Indemnity has been fraudulently or improperly joined, its citizenship should be disregarded for jurisdictional purposes.

14.    As indicated above, plaintiffs seek to recover for damage to their rental property located at 1339 North Avenue, Elizabeth, New Jersey 07208, which they allege was insured under a Rental Dwelling Insurance Policy (policy no. 90-CG-U355-4).  Plaintiffs allege that this policy was issued by State Farm Fire (*see* Ex. A, Compl. ¶10) and State Farm Indemnity (*see* Ex. A, Compl. ¶11).

15.    State Farm Indemnity issues automobile insurance policies in New Jersey.  State Farm Indemnity is not licensed to issue and does not issue homeowners or rental dwelling insurance policies in New Jersey.  State Farm Indemnity did not issue the referenced Rental Dwelling insurance policy. (*See* Ex. E, Declaration of Jerri Golden).

5

16.    State Farm Fire issued a Rental Dwelling insurance policy with the referenced Policy number.

17.    Because State Farm Indemnity did not issue the referenced insurance policy to plaintiffs, plaintiffs do not have a reasonable basis in fact or colorable ground supporting a claim against State Farm Indemnity for breach of that contract or declaratory judgment.

18.    In sum, State Farm Indemnity has been improperly or fraudulently joined, and its citizenship should be disregarded for jurisdictional purposes.  Because there is diversity of citizenship between plaintiffs and defendant State Farm Fire and the amount in controversy exceeds $75,000, this Court has jurisdiction.

19.    Although a co-defendant such as State Farm Indemnity, who has been fraudulently joined, need not join in or consent to removal, State Farm Indemnity consents to and joins in this Notice of Removal, while preserving all of its rights and defenses.

20.    Accordingly, all Defendants in this action consent to and join in this Notice of Removal.

21.    Removal to this Court is proper as this district and venue embrace the vicinage where the within matter is pending.

22.    This Notice of Removal is being filed within 30 days of State Farm Fire's and State Farm Indemnity's receipt of the complaint through service or otherwise, as provided by 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that Defendant State Farm Fire and Casualty Company, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, shall give prompt written notice thereof to plaintiffs, and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law

Division, Union County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

       **PLEASE TAKE FURTHER NOTICE** that State Farm Fire and State Farm Indemnity hereby specifically preserve and incorporate herein all affirmative defenses enumerated in Fed. R. Civ. P. 12(b)(1)-(6) and 12(h).

**WINDELS MARX LANE & MITTENDORF, LLP**
Attorneys for Defendants
  State Farm Fire and Casualty Company and
  State Farm Indemnity Company


By: /s/*David F. Swerdlow*
     David F. Swerdlow

Dated:  February 16, 2023

# EXHIBIT A

Levy & Borukh, PLLC
Moshe Borukh, Esq.
85-93 66th Avenue, 2nd Floor
Rego Park, New York 11374
(718) 433-9462
ATTORNEY FOR PLAINTIFFS
Attorney ID# 172302015

| | |
|---|---|
| A BURNETT, LLC, INVESTORY REALTY, INC. and VINCENTE MENDOZA, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY |
| Plaintiff(s), | DOCKET NO.: |
| v. | CIVIL ACTION |
| STATEFARM FIRE AND CASUALTY COMPANY and STATEFARM INDEMNITY COMPANY, | **COMPLAINT** |
| Defendants. | |

Plaintiffs, **A BURNETT, LLC., INVESTORY REALTY, INC.** and **VINCENTE MENDOZA,** by their her attorneys, LEVY & BORUKH, PLLC., by way of Complaint against the Defendants, here alleges as follows:

## PARTIES

1.      Plaintiff, A. Burnett, LLC, was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York.

2.      Plaintiff, INVESTORS REALTY, INC., was and still is a domestic corporation duly organized and existing by virtue of the laws of the State of New York.

3.      Plaintiff, VINCENTE MENDOZA, was and is still the owner of real property commonly known as 1339 North avenue, Elizabeth, New Jersey 07208 (hereinafter the "Premises").

4.      Defendant, STATEFARM FIRE AND CASUALTY COMPANY, is authorized to do business in the State of New Jersey.

5.      Defendant, STATEFARM FIRE AND CASUALTY COMPANY, maintains its principal place of business at 1 State Farm Plaza in Bloomington, Illinois but maintains its primary place of business in this State at 300 Kimball Drive, Parsippany, New Jersey.

6.      Defendant, STATEFARM INDEMNITY COMPANY, is authorized to do business in the State of New Jersey.

7.      Defendant, STATEFARM INDEMNITY COMPANY, maintains its principal place of business at 1 State Farm Plaza in Bloomington, Illinois but maintains its primary place of business in this State at 300 Kimball Drive, Parsippany, New Jersey.

8.      STATEFARM FIRE AND CASUALTY COMPANY, is in the business of providing homeowner's and rental dwelling insurance coverage to property owners in the State of New Jersey.

9.      STATEFARM INDEMNITY COMPANY, is in the business of providing homeowner's and rental dwelling insurance coverage to property owners in the State of New Jersey.

**FACTUAL BACKGROUND**

10.     Defendant, STATEFARM FIRE AND CASUALTY COMPANY, issued Plaintiff(s) a Rental Dwelling Insurance Policy, (hereinafter the "Policy"), bearing Policy Number 90-CG-U355-4, for the policy period of April 1, 2022 through April 1, 2023.

11.     Defendant, STATEFARM INDEMNITY COMPANY, issued Plaintiff(s) a Rental Dwelling Insurance Policy, (hereinafter the "Policy"), bearing Policy Number 90-CG-U355-4,

for the policy period of April 1, 2022 through April 1, 2023.

      12.    Said Policy issued by defendants provides coverage for the replacement cost of dwelling, dwelling extension, personal property, loss of rents and business liability.

      13.    On or about November 1, 2022, said Premises became damaged as a result of, among other things, vandalism, by prior tenants.

      14.    As a result, the Premises became severely damaged.

      15.    On or about November 1, 2022, said Loss was reported the Elizabeth County Police Department and a Police Report was obtained.

      16.    Among other things, the Premises had damage to:

      (a)    Landscaping

      (b)    Entire Floors

      (c)    Doors were removed

      (d)    Wall damage

      (e)    Kitchen Cabinets

      (f)    Windows

      (g)    Smoke Detectors

      (h)    Door Frames

      (i)    Light fixtures

      (j)    Electrical Panels/fuse box

      (k)    Bathrooms

      (l)    Appliances

      (m)    Plumbing

17.     Plaintiff(s) obtained estimates for repairs and the following estimates were provided:

(a)     Nelly's Construction, LLC - $104,000.00.

(b)     SMMETZ Corp. - $36,000.00

18.     Plaintiff(s) are also incurring loss of rent as a result of the condition of the Premises and being unable to repair same and Defendants' delay in reimbursement.

19.     Plaintiff(s) have complied with all prerequisites pursuant to said policy.

20.     To date, defendants have failed to provide coverage and/or reimbursement for the damages to the Premises, which have been submitted to defendant as part of Plaintiffs' claim.

21.     Defendant, STATEFARM FIRE AND CASUALTY COMPANY, its agents, representatives have, without justification, or any good faith basis, failed and refuse to cover the full amount of the loss, denying Plaintiff the ability to properly, timely and safely reconstruct the Premises to make it habitable.

22.     Defendant, STATEFARM INDEMNITY COMPANY, its agents, representatives have, without justification, or any good faith basis, failed and refuse to cover the full amount of the loss, denying Plaintiff the ability to properly, timely and safely reconstruct the Premises to make it habitable.

23.     Instead, Defendants have acted, and continue to act in bad faith, by failing to timely compensate Plaintiff(s) for losses pursuant to the Policy.

## FIRST COUNT
### (Declaratory Judgment, N.J.S.A. 2A:16-50, et seq)

24.     Plaintiff(s) repeat and reiterate the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth at length herein.

25.     Since the date of the loss, Plaintiff(s) have cooperated and complied with all the terms and conditions of the Policy, including giving appropriate and timely notice of the loss.

26.     Defendant, STATEFARM FIRE AND CASUALTY COMPANY, has acknowledge said claim and coverage, but has failed to fully pay for all losses pursuant to said Policy.

27.     Defendant, STATEFARM INDEMNITY COMPANY, has acknowledge said claim and coverage, but has failed to fully pay for all losses pursuant to said Policy.

28.     Because Defendant, STATEFARM FIRE AND CASUALTY COMPANY, fails to comply with its obligations and duties owed to Plaintiff(s) under the policy, the reconstruction of the subject premises has been delayed, and Plaintiff(s) have incurred additional losses as a result.

29.     Because Defendant, STATEFARM INDEMNITY COMPANY, fails to comply with its obligations and duties owed to Plaintiff(s) under the policy, the reconstruction of the subject premises has been delayed, and Plaintiff(s) have incurred additional losses as a result.

30.     There is no reasonable basis or justification for Defendants' failure to provide the full coverage it owes to Plaintiff(s) and is required and obligated to provide under the policy.

**WHEREFORE,** Plaintiffs seeks a declaration pursuant to N.J.S.A. 2A:16-50, *et seq.,* that there is coverage under the Policy for the loss and that State Fann· is required to fully indemnify Plaintiff for the costs associated with remediation and reconstruction of the Premises, . and lost rents, together with attorneys' fees, costs, and such other relief as the Court de~ms equitable and just.

**SECOND COUNT**
**(Breach of Contract)**

31.    Plaintiff(s) repeat and reiterate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

32.    State Farm has an obligation under the Policy and, in fact, has agreed to cover losses and costs necessary to properly and timely reconstruct the Premises so that it is restored to its prior

condition and, is made habitable.

33.    By failing to take appropriate and timely actions consistent with its contractual obligations and acknowledgment of coverage for the loss since November 1, 2022, State Farm has breached its promise and duties required under the Policy.

34.    As a direct Defendants' breach, Plaintiff has been caused to suffer substantial damages.

**WHEREFORE;** Plaintiff demands that judgment be entered against State Farm for:

a. compensatory and consequential damages;

b. pre-judgment and post-judgment interest;

c. attorneys' fees and costs; and

d. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in controversy in accordance with New Jersey Rules of Civil Practice.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE, that pursuant to Rule 4:25-1, Moshe Borukh, Esq. is designated as trial counsel.

Dated: January 17, 2023

*Moshe Borukh*
_____
Moshe Borukh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.       I am the attorney for Plaintiff in the above captioned matter and I am filing this Certification

pursuant to Rule 4:5-1.

2.       I hereby certify that the matter in controversy is not the subject of any other action pending

in any other Court.

3.       I further certify that the within matter is not pending any arbitration proceeding and as of

the date of the filing of this Certification, no such arbitration proceeding is contemplated.

January 17, 2023

_____
Moshe Borukh, Esq.

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-000155-23

**Case Caption:** A BURNETT LLC   VS STATEFARM FIRE AND C ASUALTY C

**Case Initiation Date:** 01/17/2023

**Attorney Name:** MOSHE BORUKH

**Firm Name:** LEVY & BORUKH, PLLC

**Address:** 85-93 66TH AVE 2ND FL
REGO PARK NY 11374

**Phone:** 7185291911

**Name of Party:** PLAINTIFF : A Burnett LLC

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: A Burnett LLC?** NO

**Are sexual abuse claims alleged by: Investors Realty, Inc.?** NO

**Are sexual abuse claims alleged by: Vincente Mendoza?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/17/2023

/s/ MOSHE BORUKH

Dated

Signed

# EXHIBIT B

## AFFIDAVIT OF SERVICE



P8392334

LEVY & BORUKH, PLLC    Moshe Borukh
SUPERIOR COURT OF NEW JERSEY LAW DIVISION UNION COUNTY

A BURNETT LLC, ETAL

                                      **PLAINTIFF**

– vs –

STATEFARM FIRE AND CASUALTY COMPANY, ETAL

                                      **DEFENDANT**

index No. UNN-L-000155-23
Date Filed
File No.
Court Date:
AFFIDAVIT OF SERVICE

STATE OF _____Illinois_____, COUNTY OF _____Kane_____ :SS:

_____Michael S. Morrison_____, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of ___Illinois___.

On ____January 23, 2023____ at ____11:50 AM____,

at ONE STATE FARM PLAZA  BLOOMINGTON, IL 61710 _____,

deponent served the within CIVIL CASE INFORMATION STATEMENT, COMPLAINT on: STATEFARM FIRE AND CASUALTY COMPANY, the DEFENDANT therein named.

| | | |
|---|---|---|
| ____#1 INDIVIDUAL | By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein. | |
| X  #2 CORPORATION | By delivering a true copy of each personally to ____Sally Olsen____, who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the DEFENDANT.  Deponent knew the person so served to be the ____Legal Assistant____ of the corporation, and authorized to accept service on behalf of the corporation. | |
| ____#3 SUITABLE AGE PERSON | By delivering a true copy of each to _____ a person of suitable age and discretion.  Said premises is DEFENDANT's: [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state. | |
| ____#4 AFFIXING TO DOOR | By affixing a true copy of each to the door of said premises, which is DEFENDANT's: [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state. | |

Deponent was unable, with due diligence to find DEFENDANT or a person of suitable age and discretion, having called thereat

| on the _____ | day of _____ | at _____ |
|---|---|---|
| on the _____ | day of _____ | at _____ |
| on the _____ | day of _____ | at _____ |
| on the _____ | day of _____ | at _____ |

Address confirmed by _____

____#5 MAIL COPY  On ~~_____ I deposited in the United States mail a true~~ copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1ˢᵗ class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

X  #6 DESCRIPTION  Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR 3) ability at the time and circumstances of the service as follows.

| Sex: Female | Color: Asian | Hair: Black |
|---|---|---|
| Age: 55 | Height: 5'7" | Weight: 140 |

OTHER IDENTIFYING FEATURES: ____Glasses____

____#7 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to the DEFENDANT in the amount of $ _____

____#8 MILITARY SRVC  Deponent asked person spoken to whether the DEFENDANT was presently in military service of the United States Government or of the State of _____ and was informed that DEFENDANT was not.

____#9 OTHER

*Joan C Harenberg* 1·23·23
NOTARY NAME & DATE

*Michael S. Morrison*

Michael S. Morrison
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 7-LBPLLC-8392334

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04/28/2025

AFFIDAVIT OF SERVICE


P8392342

LEVY & BORUKH, PLLC     Moshe Borukh
SUPERIOR COURT OF NEW JERSEY LAW DIVISION UNION COUNTY

A BURNETT LLC, ETAL                                    index No. UNN-L-000155-23
                                          PLAINTIFF   Date Filed
                    - vs -                             File No.
                                                       Court Date:
STATEFARM FIRE AND CASUALTY COMPANY, ETAL             AFFIDAVIT OF SERVICE
                                          DEFENDANT

STATE OF _____Illinois_____, COUNTY OF _____Kane_____   :SS:

_____Michael S. Morrison_____, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of__Illinois__.

On _____January 23, 2023_____ at _____11:50 AM_____,

at ONE STATE FARM PLAZA  BLOOMINGTON, IL 61710

deponent served the within CIVIL CASE INFORMATION STATEMENT, COMPLAINT on: STATEFARM INDEMNITY COMPANY,
the DEFENDANT therein named.

| | | |
|---|---|---|
| ____#1 INDIVIDUAL | By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein. | |
| X  #2 CORPORATION | By delivering a true copy of each personally to _____Sally Olsen_____, who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the DEFENDANT. | |

Deponent knew the person so served to be the____Legal Assistant____
of the corporation, and authorized to accept service on behalf of the corporation.

____#3 SUITABLE     By delivering a true copy of each to _____ a person
AGE PERSON         of suitable age and discretion.
                   Said premises is DEFENDANT's: [ ] actual place of business  [ ] dwelling house (usual
                   place of abode) within the state.

____#4 AFFIXING     By affixing a true copy of each to the door of said premises, which is DEFENDANT's: [
TO DOOR            ] actual place of business  [ ] dwelling house (usual place of abode) within the
                   state.

Deponent was unable, with due diligence to find DEFENDANT or a person of suitable age
and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by

____#5 MAIL COPY    On _____ I deposited in the United States mail a true copy of the
                   aforementioned documents properly enclosed and sealed in a post-paid wrapper

                   addressed to the above address. Copy mailed 1ˢᵗ class mail marked personal and
                   confidential not indicating on the outside thereof by return address or otherwise
                   that said notice is from an attorney or concerns an action against the person to be
                   served.

X  #6 DESCRIPTION   Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR 3) ability at the time and circumstances of the service as follows.
                   Sex:  Female          Color:  Asian          Hair:  Black
                   Age:   55             Height:  5'7"           Weight:  140
                   OTHER IDENTIFYING FEATURES:     Glasses

____#7 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to the
                    DEFENDANT in the
                    amount of $ _____

____#8 MILITARY SRVC  Deponent asked person spoken to whether the DEFENDANT was presently in military
                     service of the United States Government or of the State of _____ and was
                     informed that DEFENDANT was not.

____#9 OTHER

_Joan C Harenberg_  1-23-23                    _Michael S. Morrison_
NOTARY NAME & DATE                             Michael S. Morrison
                   ┌─────────────────────────┐  Lexitas
                   │      OFFICIAL SEAL       │  1235 BROADWAY 2ND FLOOR
                   │   JOAN C HARENBERG       │  NEW YORK, NY 10001
                   │ NOTARY PUBLIC, STATE OF ILLINOIS │  Reference No: 7-LBPLLC-8392342
                   │ MY COMMISSION EXPIRES: 04/28/2025 │
                   └─────────────────────────┘

# EXHIBIT C

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH          NJ 07207

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    JANUARY 17, 2023
                    RE:      A BURNETT LLC    VS STATEFARM FIRE AND C ASUALTY C
                    DOCKET: UNN L -000155 23


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DANIEL R. LINDEMANN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (908) 787-1650 EXT 21493.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: MOSHE BORUKH
                              LEVY & BORUKH, PLLC
                              85-93 66TH AVE
                              2ND FL
                              REGO PARK          NY 11374


ECOURTS

# EXHIBIT D

## Case Summary

**Case Number:** UNN L-000155-23

**Case Caption:** A Burnett Llc  Vs Statefarm Fire And C Asualty C

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Union | **Case Initiation Date:** 01/17/2023 |
| **Case Type:** Contract/Commercial Transaction | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** Daniel R Lindemann | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

### Plaintiffs
**A Burnett Llc**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** Moshe Borukh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 172302015 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** MBORUKH@LEVYBORUKHLAW.COM

**Investors Realty, Inc.**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** Moshe Borukh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 172302015 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** MBORUKH@LEVYBORUKHLAW.COM

**Vincente  Mendoza**

| | | |
|---|---|---|
| **Party Description:** | | **Attorney Name:** Moshe Borukh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 172302015 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** MBORUKH@LEVYBORUKHLAW.COM

### Defendants
**Statefarm Fire And Casualty Co**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Statefarm Indemnitycompany**

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 01/17/2023 | Complaint with Jury Demand for UNN-L-000155-23 submitted by BORUKH, MOSHE , LEVY & BORUKH, PLLC on behalf of A BURNETT LLC, INVESTORS REALTY, INC., VINCENTE MENDOZA against STATEFARM FIRE AND CASUALTY CO, STATEFARM INDEMNITY COMPANY | LCV2023276701 | 01/17/2023 |
| 01/18/2023 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2023284352 | 01/18/2023 |
| 01/24/2023 | AFFIDAVIT OF SERVICE submitted by BORUKH, MOSHE of LEVY & BORUKH, PLLC on behalf of A BURNETT LLC, INVESTORS REALTY, INC., VINCENTE  MENDOZA against STATEFARM INDEMNITY COMPANY | LCV2023348201 | 01/24/2023 |
| 01/24/2023 | AFFIDAVIT OF SERVICE submitted by BORUKH, MOSHE of LEVY & BORUKH, PLLC on behalf of A BURNETT LLC, INVESTORS REALTY, INC., VINCENTE  MENDOZA against STATEFARM FIRE AND CASUALTY CO | LCV2023348211 | 01/24/2023 |

# EXHIBIT E

**WINDELS MARX LANE & MITTENDORF, LLP**
David F. Swerdlow, Esq. (dswerdlow@windelsmarx.com)
Jack Kincade Hagerty, Esq. (jhagerty@windelsmarx.com)
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Defendants
  State Farm Fire and Casualty Company and
  State Farm Indemnity Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A BURNETT, LLC, INVESTORY REALTY, INC and VINCENTE MENDOZA,<br><br>          Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM INDEMNITY COMPANY,<br><br>          Defendants. | Civil Action No. 22-_____ (__-__)<br><br>**DECLARATION OF JERRI GOLDEN** |

Jerri Golden, of full age, hereby declare as follows:

1.    I am an adult over the age of 18 and am competent to make this Declaration.

2.    I am employed by State Farm Mutual Automobile Insurance Company ("State Farm Mutual"), in Bloomington, Illinois, as a Forms Manager in the P&C Actuarial Department. I have worked for State Farm Mutual for 28 years.

3.    The facts set forth in this Declaration are based upon my personal knowledge and my review of relevant business records.

4.    State Farm Indemnity Company is a wholly-owned subsidiary of State Farm Mutual. State Farm Indemnity Company is an Illinois stock property and casualty insurer incorporated on

January 18, 1991 under the laws of the State of Illinois. It received a certificate of authority from the Illinois Department on March 9, 1991.

5.    State Farm Indemnity Company was admitted in New Jersey to write the lines of Automobile Liability (BI), Automobile Liability (PD) and Automobile Physical Damage on April 2, 1992. State Farm Indemnity Company writes only automobile insurance policies in New Jersey.

6.    State Farm Indemnity Company is not (and has never been) licensed to write or issue Homeowners or Rental Dwelling insurance policies in New Jersey, and it does not write or issue such policies.

7.    State Farm Indemnity Company does not process claims arising from Homeowners or Rental Dwelling insurance policies in New Jersey.

8.    It is my understanding that the complaint filed by plaintiffs in this case alleges (in paragraph 11) that "Defendant, STATE FARM INDEMNITY COMPANY, issued Plaintiff(s) a Rental Dwelling Insurance Policy, (hereinafter the "Policy"), bearing Policy Number 90-CG-U355-4, for the policy period of April 1, 2022 through April 1, 2023."

9.    State Farm Indemnity Company did not issue any Rental Dwelling Insurance Policy to any of the plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Jerri Golden

Executed on: February 16, 2023